IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


ZAY WHITAKER                                                                                    PETITIONER

v.                              Case No. 5:11CV00212 SWW-JTK

RAY HOBBS, *Director*,
Arkansas Department of Correction                                                   RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

   1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Introduction

BEFORE THE COURT is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Zay Whitaker (DE #2, Petition). On August 11, 2010, Whitaker entered a negotiated guilty plea in Pulaski County Circuit Court to one count of second degree sexual assault. On August 20, 2010, the Court entered a judgment reflecting this conviction and sentenced Whitaker to five years' probation, a $1,000 fine, registration as a sex offender, and 120 days' confinement in the county jail. Subsequently on November 17, 2010, Anderson filed a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37. In that petition, Whitaker argued his trial counsel was ineffective and that his guilty plea was not knowingly, voluntarily, or intelligently entered. (DE # 5, Exhibit E). The Pulaski County Circuit Court denied the petition on November 24, 2010, because Whitaker did not meet the threshold custody requirement (DE #5, Exhibit F). There is no indication that Whitaker sought further state

appellate review. He filed the instant petition on August 17, 2011.

In his federal habeas petition, Whitaker again challenges his second-degree sexual-assault conviction on the grounds that his guilty plea was not knowingly, intelligently, or voluntarily entered and was due to ineffective assistance of trial counsel. Specifically, he alleges that counsel failed to (1) conduct a constitutionally adequate investigation before advising him to plead guilty, in that counsel waited "just days" before trial to obtain and review the audio-taped phone conversation between the minor victim and the rape crisis hotline representative, (2) meet him at the county jail on at least four occasions to discuss his defense, (3) make a reasonably and timely effort to obtain and review the book entitled INCEST that the minor victim checked out of her school library, (4) have the private investigator interview the minor victim, (5) inform him of a second plea offer that he believes the State offered but was never communicated to him, (6) conduct a reasonable investigation and adequately prepare his defense, including his opportunity to provide input into potential witnesses and participate in the preparation of his defense, (7) acknowledge his desire to go to trial and testify in his own defense and call two potentially valuable character witnesses whom it is believed counsel did not interview, (8) allow him to discuss the plea offer with his family prior to acceptance, (9) disclose to him prior to his plea that the minor victim was "scared" and did not want to testify, (10) disclose a conflict of interest, as she informed him that she could "identify with the victim," and (11) properly advise him as to the correct sentencing range and prison time he could receive had he went to trial.

Respondent contends these assertions are either unsupported allegations or fail to state claims, or both. Therefore, Respondent contends that Whitaker is not entitled to relief and that

the entire petition should be denied.

## II. Discussion

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Under Arkansas law, when a defendant enters a plea of guilty, he waives his right to

appeal. *See Payne v. State*, 327 Ark. 27, 937 S.W.2d 160 (19997); *Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987). "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence," and "[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce*, 488 U.S. 563, 569-70 (1989). *See also, e.g.*, *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975)("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."). Arkansas law requires that all claims that a sentence was imposed in violation of federal or state law, including challenges to the adequacy of counsel's representation and challenges to the validity of a guilty plea, be brought in a Rule 37 petition. Ark. R. Crim. P. 37.1 and 37.2; *see also Graham v. State*, 358 Ark. 296, 188 S.W.3d 893 (2004). "[I]ncarceration [is viewed] as a prerequisite to Rule 37 relief." *See Bohanan v. State*, 336 Ark. 367, 371, 985 S.W.2d 708, 710 (1999).

      Whitaker's ineffective assistance of counsel claims were presented and denied by the trial court in the Rule 37 petition due to the lack of custody. He did not appeal the decision; thus, Whitaker's claims are procedurally defaulted. Additionally, Whitaker does not argue that he can show cause and prejudice. "Nor does he contend that enforcing the procedural default rule would result in 'a miscarriage of justice' by denying relief to a prisoner who is 'actually innocent,' that [this] procedural requirement is not firmly established and regularly followed, or that the state ground is otherwise inadequate." *Welch*, 616 F.3d at 760 (internal citations omitted). Thus, Whitaker's procedural default prevents any federal consideration of his claims.

Even if these claims were not procedurally defaulted, the petition would fail. Review of Whitaker's claims on the merits first requires consideration of the voluntariness of the guilty plea. A defendant who was represented by counsel may only attack the voluntary and intelligent character of his plea by showing he received ineffective assistance of counsel. *Tollett v. Henderson*, 411 U.S. at 267. In order to evidence ineffective counsel, a defendant must show "counsel's representation fell below an objective standard of reasonableness," under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Whitaker argues that his guilty plea was invalid because trial counsel was ineffective for a variety of enumerated reasons. "To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent." *United States v. Martinez–Cruz*, 186 F.3d 1102, 1104 (8th Cir.1999). "Because a guilty plea constitutes a waiver of various constitutional rights . . . it must be made with 'sufficient awareness of relevant circumstances and likely consequences.'" *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5 (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)) (internal citations omitted). While the "record must affirmatively show, under the totality of the circumstances, that [a] plea of guilty was voluntary, and [while] it is the duty of the judge to establish by inquiry as thorough as the circumstances demand its constitutional validity, . . . the failure of the state court to make a record affirmatively showing the voluntariness of a

guilty plea in accordance with the precepts of *Boykin* does not automatically vacate the plea." *Griffith v. Wyrick,* 527 F.2d 109, 112 (8th Cir.1975). "The state may still show, by way of post-conviction proceedings, that the plea was voluntarily made." *Id.*

The record before the Court shows that, upon accepting Whitaker's guilty plea, the trial court made a record affirmatively establishing the voluntariness of Whitaker's plea, including the fact that he understood the law in relations to the charges against him. The trial court further informed Whitaker of the constitutional rights he was relinquishing by pleading guilty. Likewise, Whitaker signed a plea statement whereby he acknowledged that he was satisfied with counsel's representation, that he understood the maximum and minimum sentences of the charged offenses, and that nobody had forced, threatened, or promised him anything in order to secure his guilty plea. During the taking of the guilty plea in open court, Whitaker acknowledged that he was guilty of engaging in sexual contact with a family friend's eleven-year-old daughter beginning when she was five years old. Such affirmations in open court "carry a strong presumption of verity." *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Under such circumstances, the undersigned finds that Whitaker voluntarily pled guilty.

Even further, reviewing the merits of the claims at issue reveal no violation of federal law. *See Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir.), *cert. denied*, 549 U.S. 1034 (2006) (holding that procedural default is not a jurisdictional bar to review of a habeas claim and addressing petitioner's apparently defaulted claim on the merits "in the interest of judicial economy").

Most of Whitaker's claims can be rejected out of hand because they are speculative and

conclusory, and Whitaker has failed to demonstrate the required prejudice as to any of the claims. He has failed to demonstrate that, but for any of these alleged claims, he would not have plead guilty and instead proceeded to trial. Additionally, absent any indication that Whitaker was incompetent or otherwise incapable of entering a competent plea, there was no need to consult with the family prior to acceptance of the offer. *See Ford v. Lockhart*, 904 F.2d 458 (8th Cir. 1990) (holding mother's consent unnecessary as petitioner produced no evidence of incompetence or inability to enter a guilty plea without her consent). Moreover, the fact that the minor victim may have been scared to testify does not mean she would not have testified. Additionally, there is no evidentiary support for the existence of a conflict or adverse effect. *See Ausler v. United States*, 545 F.3d 1101, 1104 (8th Cir. 2008) (to obtain post-conviction relief, petitioner must at least show a conflict of interest existed and that the conflict adversely affected counsel's performance). Finally, as noted by Respondent, Whitaker was charged by information with multiple counts. While the Class Y felony was later reduced, it does not negate the fact that he was in fact charged with an offense that carried the 25-year penalty.

In conclusion, the Court finds no merit to the petition. Thus, IT IS THEREFORE ORDERED that Whitaker's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED. The Court will not issue a certificate of appealability because Whitaker has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 1st day of October, 2013.

_____
UNITED STATES MAGISTRATE JUDGE